IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LAGNIAPPE OPERATING, LLC,                                    PLAINTIFFS
LIVLAND, LLC, BIGGSPETROLEUM, LLC,
and DEDE, LLC

v.                                        CIVIL ACTION NO: 3:19-cv-512-HTW-LRA

PPU, LLC                                                      DEFENDANT

## COMPLAINT

### JURY TRIAL DEMANDED

Lagniappe Operating, LLC, LivLand, LLC, BIGGSPetroleum, LLC, DEDE, LLC, and William Mounger (hereinafter collectively "Plaintiffs"), by and through undersigned counsel, file this complaint against Defendant PPU, LLC ("PPU"), and respectfully represent as follows:

### PARTIES

1. Lagniappe Operating, LLC, a Louisiana Limited Liability Company with its principal place of business and registered office in the State of Louisiana. Its members are Wayne Hagen and Gary Gambel, both of whom are citizens of the State of Louisiana.

2. LivLand, LLC, a Louisiana Limited Liability Company with its principal place of business and registered office in the State of Louisiana. Its members are Wayne Hagen and Gary Gambel, both of whom are citizens of the State of Louisiana.

3. BIGGSPetroleum, LLC, a Louisiana Limited Liability Company with its principal place of business and registered office in the State of Louisiana. Its members are Donald Bankston and Mark Griggs, both of whom are citizens of the State of Louisiana.

4. DEDE, LLC, a Mississippi Limited Liability Company with its principal place of business and registered office in the State of Mississippi. Its sole member is William Mounger, who is a citizen of the State of Mississippi.

5. PPU, LLC is a Texas Limited Liability Company with its principal place of business and registered office in the State of Texas and its sole member is James Vandiver, who is a citizen of the State of Texas. PPU can be served with process by serving its Mississippi registered agent for service of process, Stanley King, 108 Sugar Maple Lane, Madison, MS 39110.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of this action because the citizenship of all Plaintiffs is diverse from that of PPU, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

7. Venue is proper in this judicial district because some of the events at issue occurred in this district, and damages were sustained in this district.

## FACTS

8. PPU is a company formed to engage in and which did engage in activities involving raising funds from investors and preparing for, drilling, completing, and producing hydrocarbon/oil wells.  This case primarily arises out of activities associated with a well in Holmes County Mississippi in the Horseshoe Lake Field known as the Harry O'Neal 20-10 No.1.

9. Unbeknownst to Plaintiffs, this drilling operation involving the Harry O'Neal 20-10 No. 1 was the first and only time that PPU and its principal had ever drilled a well.

10. In performing the aforesaid activities, PPU was grossly negligent in many ways, including, but not limited to, the following:

a) improperly pricing the cost and expenses of the well and inaccurately informing investors as to the cost and other information regarding the well;

b) failing to select proper equipment and contractors, including a drilling contractor, and failing to properly select other things/services pertinent to the drilling, completion, and production operations, including, but not limited to: selecting a drilling contractor and personnel with insufficient knowledge and expertise, whose rig was substandard and prone to break down, and which rig was otherwise inadequate for the job;

c) installing the wrong type of tubing and other downhole equipment;

d) improperly managing expenses, payments, AFEs, Working Interest Owner contributions, and other financial matters;

e) improperly operating and managing the operations, for example, renting heavy equipment, then failing to return it after use such that large rental charges were incurred, and gross negligence and ineptitude in selecting, scheduling, managing workers, contractors, services, and activities;

f) using improper (and/or failing to use proper) downhole and jobsite equipment, such as the wrong tubing, improper pumps, an improper packer, etc.;

g) electing to shut-in the well;

h) "shutting-in" the well through improper methods and the use of water that was too heavy or otherwise ill-suited for the purpose;

i) failing to keep proper records;

j) improperly and/or inaccurately providing information to Working Interest Owners, the State, and others;

k) failing to assert a lien, claim, or take other action against negligent or non-performing contractors, such as the initial drilling contractor;

l) allowing an improperly aligned rig to begin operations; and

m) improperly communicating and handling lease matters.

11. As a result of the above and other acts of gross negligence to be proven at trial, each incident described above caused millions of dollars in losses, including the following, nonexclusive damages that were incurred:

a) the actual cost of the well exceeded the predicted AFE by a substantial margin;

b) the time to drill and complete the well exceeded expectations and reasonable time by a substantial margin;

c) it was necessary to incur additional expense to bring in alternate contractors, at a greater cost, to perform work at the wellsite, including, but not limited to, having to bring in a second drilling contractor and other replacements;

d) PPU failed to pay sums due to third parties;

e) PPU incurred or necessitated significantly inflated labor, supply, contractor, and service expenses due to the improper handling of on-site and financial operations;

f) PPU caused, by the injection of improper water into the well, a substantial loss of production (from more than 88 barrels per day to less than 38 barrels per day);

g) PPU caused loss of tax write offs and other financial losses due to the failure to provide proper and timely accounting;

h) PPU's gross negligence caused failure of the tubing resulting in significant expenses associated with reworking the well and the cost of repairing and/or replacing the improperly installed tubing with the proper tubing;

i) PPU caused damage to the well and related equipment;

j) PPU caused loss of revenues and assets; and

k) PPU caused other damages to be shown at trial.

## COUNT I – NEGLIGENCE

12. Plaintiffs reallege and incorporate herein the allegations of the previous paragraphs of the Complaint.

13. PPU owed Plaintiffs a duty of reasonable care.

14. PPU breached said duty through the acts and omissions described above.

15. Plaintiffs were harmed as proximate result of PPU's breach of its duty.

## COUNT II – GROSS NEGLIGENCE

16. Plaintiffs reallege and incorporate herein the allegations of the previous paragraphs of the Complaint.

17. PPU's acts and omissions described above constitute a degree of negligence so great that it shows a willful, wanton, and reckless disregard for Plaintiffs' rights.

**WHEREFORE**, premises considered, Plaintiffs pray as follows:

a) that PPU be served and required to respond to the lawsuit;

b) that there be judgment in favor of Plaintiffs and against PPU for an amount sufficient to compensate Plaintiffs for all damages, plus expert fees, interest, attorneys' fees, and costs;

c) that the Court award punitive damages against PPU for its gross negligence; and

d) for such other and further legal, equitable, and other relief as this Court deems just and proper.

Respectfully submitted,

s/ John H. Dollarhide
John H. Dollarhide (MSB # 103655)
BUTLER SNOW LLP
1020 Highland Colony Parkway, Ste 1400 (39157)
P.O. Box 6010
Ridgeland, MS 39158
T: 601-948-5711
F: 601-985-4500
E: john.dollarhide@butlersnow.com

WILLIS & BUCKLEY, APC
Jennifer N. Willis
Application for Admission *Pro hac vice* to be filed
3723 Canal Street
New Orleans, Louisiana 70119
Telephone: (504) 488-6301
Facsimile: (504) 488-6302
E-Mail: jenniferw@willisbuckley.com

48585169.v1