IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LAGNIAPPE OPERATING, LLC,;                                PLAINTIFFS
LIVLAND, LLC,; BIGGS PETROLEUM,
LLC,; and DEDE, LLC

vs.                                 CIVIL ACTION No.: 3:19-CV-512-HTW-LGI

PPU, LLC                                                   DEFENDANT

## ORDER

BEFORE THIS COURT is plaintiffs' Motion for Partial Summary Judgment on Affirmative Defense Asserted by PPU, LLC **[Docket no. 32]**. Plaintiffs, by their motion, ask this court to bar the defendant from relying upon an unsigned, and unsworn copy of an alleged joint operating agreement (hereinafter referred to as the "JOA"). The defendant, contrariwise says that on several occasions the plaintiffs have cited the joint operating agreement and, thereby, ratified such.[1]

---

[1] The plaintiffs cite the following actions by the defendant as proof of ratification: an email dated May 24, 2018, from Don Bankston (member of Plaintiff Biggs), to the working interest owners in the Well, copying PPU's counsel at that time, Todd Waycaster, citing the penalty clause of the JOA; an email dated September 27, 2018, from Gary Gambel of Plaintiffs Lagniappe and Livland, to the working interest owners citing the treble penalty provision of the JOA; an email dated November 13, 2018, from Gary Gambel to the working interest owners citing the penalty provision of the JOA; an email dated May 10, 2018, from Gary Gambel to Bert Vandiver, in which Mr. Gambel stated, in pertinent part "As I told both of you, we want to Advance money under the JOA to take advantage of the penalty clause"; an email dated July 15, 2018, from Gary Gambel to Bert Vandiver stating that the other members wanted to invoke the treble penalty clause of the JOA; an email dated January 4, 2019, from Gary Gambel stating he would apply sums owed toward the JOA penalty provisions owed; a letter from Lagniappe Operating, LLC to the working interest owners in the Well, dated December 13, 2018, which cites the treble damages provision of the JOA; a letter from Lagniappe Operating, LLC to the working interest owners in the Well, dated September 13, 2018, which cites the treble damages provision of the JOA; a letter from Lagniappe Operating, LLC to the working interest owners in the Well, dated September 5, 2018, which cites the treble damages provision of the JOA; a letter from Lagniappe Operating, LLC to the working interest owners in the Well, dated September 7, 2018, which cites the treble damages provision of the JOA; and a letter from Lagniappe Operating, LLC to the working interest owners in the Well, dated March 29, 2019, which cites the treble damages provision of the JOA.

In considering a motion for summary judgment, or a partial summary judgment, involving an affirmative defense, the burden of producing evidence in support of that defense is on the defendant. *Metzl v. Leininger*, 57 F.3d 618, 622 (7th Cir. 1995). Partial summary judgment may be used to dispose of affirmative defenses. *International Ship v. The St. Paul Fire*, 944 F.Supp. 866, 891 (M.D. Fla. 1996); *Koch Industries Inc. v. United Gas Pipeline*, 700 F.Supp. 865, 867 (M.D. La. 1998); *Resolution Trust Corp. v. Vestal*, 838 F.Supp. 305 (E.D. Tx 1993).

Under Fed. R. Civ. P. 56(c), the "moving party may meet its burden to demonstrate the absence of a genuine issue of fact by pointing out that the record contains no support for the non-moving parties claim." *Stahl v. Novartis Pharmaceuticals Corp.*, 283 F.3d 254, 263 (5th Cir. 2002). If the non-moving party fails to identify any competent evidence in the record to support its claim, then summary judgment is appropriate. *Id.* In ruling on the plaintiffs' motion for partial summary judgment, this court must determine whether "the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

Under Mississippi law, ratification "does not refer to any formal act of the corporation, but rather that the corporation adopted the contract and received the benefits of it with full knowledge on the part of all parties concerned in the corporation's organization of the manner and conditions under which it had been obtained." *Fortune Furniture Mfg. Co., Inc. v. Mid-South Plastic Fabric Co., Inc.*, 310 So.2d 725, 727 (Miss. 1975) (citing *Pearl Realty Co. v. Wells*, citing 145 So. 102 (Miss. 1933)). The "general rule is that adoption may be implied from the acts or acquiescence of a corporation without express acceptance or ratification, and the adopting corporation will be liable if its officers have or are chargeable with knowledge of the facts upon which it acts." *Id*. (citing 17

A.L.R. 452 (1922)). "Ratify" means to sanction, approve, authorize or confirm, and "adopt" means to accept, embrace or acquiesce. See Black's Law Dictionary, 6th Ed. (1990).

This court finds that the parties have submitted a joint-operating agreement – albeit unsigned by the plaintiffs. *See* [Docket nos. 79-2 and 79-3]. The question of whether the plaintiffs have ratified such by their actions is ultimately a question for determination by the finder of fact, in this case, the jury. Accordingly, summary judgment is inappropriate here.

Plaintiffs have also asserted a Motion in Limine to Exclude Reference to, or Reliance Upon, the Unexecuted Joint Operating Agreement [Docket no. 65] asserting the same legal arguments that this court has already rejected above. This court, therefore, finds plaintiffs' motion in limine to exclude the JOA not well-taken and must be denied.

**IT IS, THEREFORE, ORDERED that plaintiffs' Motion for Partial Summary Judgment on Affirmative Defense Asserted by PPU, LLC [Docket no. 32] is hereby DENIED.**

**IT IS FURTHER ORDERED that plaintiffs' Motion in Limine to Exclude Reference to, or Reliance Upon, the Unexecuted Joint Operating Agreement [Docket no. 65] is hereby DENIED for the same reasons as set forth above.**

SO ORDERED this the 29th day of March, 2021.

s/ HENRY T. WINGATE
**UNITED STATES DISTRICT COURT JUDGE**